LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On July 11, 2003, in the Marion County Circuit Court, Dwight Smith entered a plea of guilty to burglary of a building as an habitual offender. Smith was sentenced to serve seven years in the custody of the Mississippi Department of Corrections. On August 10, 2004, Smith filed a motion for post-conviction relief. The trial court denied Smith’s motion for relief on August 24, 2004. Smith now appeals to this Court, asserting the following: (1) his due process rights were violated; (2) his right to a speedy trial was violated; (3) the indictment was insufficient; and (4) he received ineffective assistance of counsel. Finding no merit to any of Smith’s issues, we affirm.
STANDARD OF REVIEW
¶ 2. The standard of review in post-conviction relief cases is well-stated: The findings of the trial court must be clearly erroneous in order to overturn a lower *191 court’s denial of a post-conviction relief motion. McClinton v. State, 799 So.2d 123, 126(¶ 4) (Miss.Ct.App.2001).
DISCUSSION
I. WERE SMITH’S DUE PROCESS RIGHTS VIOLATED?
II. WAS SMITH’S RIGHT TO A SPEEDY TRIAL VIOLATED?
III. WAS THE INDICTMENT INSUFFICIENT?
¶ 3. As Smith’s first three issues relate to his guilty plea, we will address them together. During his plea hearing, Smith testified that it was his decision to plead guilty, that no one pressured him into pleading guilty, that he understood the consequences of pleading guilty rather than going to trial, and that he was satisfied with his attorney’s advice.
¶ 4. According to Anderson v. State, 577 So.2d 390, 391 (Miss.1991), “a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial.” Other rights waived by entering a guilty plea are the right to a speedy trial (see Anderson, 577 So.2d at 391), any defenses to the charge (see Taylor v. State, 766 So.2d 830(¶ 24) (Miss.Ct.App.2004)), and the right that the prosecution must prove each element of the charge beyond a reasonable doubt (see Jefferson v. State, 556 So.2d 1016, 1019 (Miss. 1989)).
¶ 5. In his order, the trial court determined that Smith’s guilty plea was entered into knowingly and voluntarily and, as a result, his arguments were waived. We can find no error in the lower court’s finding; thus, we find these issues to be without merit.
IV. WAS SMITH’S COUNSEL INEFFECTIVE?
¶ 6. In his last issue on appeal, Smith argues that his trial counsel was ineffective. Smith claims that his attorney failed to object to a defective indictment; failed to request discovery; failed to assert his right to a speedy trial; failed to investigate his defense to the charge; and failed to object to his sentencing as an habitual offender. Smith must demonstrate that his trial counsel’s performance was deficient and the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 7. During the plea colloquy Smith stated that he was satisfied with his counsel’s representation and his counsel had not pressured him into pleading guilty. The trial court also found that Smith’s ineffective assistance of counsel claims were waived by his guilty plea. Furthermore, the trial court also noted that, “Thanks to the work of Smith’s counsel, he pled guilty to the crime of burglary of a building as a habitual offender under the ‘Little Habitual Offender Statute’, and thus received a seven year sentence instead of the aforementioned life sentence.” Smith was originally indicted as an habitual offender, which carried a mandatory sentence of life without the possibility of parole. Smith has failed to meet the requirements of Strickland; thus, we find no merit to this issue.
¶ 8. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
KING, C.J., MYERS, P.J., BRIDGES, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.