990 So.2d 226 (2008)
Brian SNEED, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00840-COA.
Court of Appeals of Mississippi.
March 11, 2008.
Rehearing Denied July 29, 2008.
Certiorari Denied September 11, 2008.
*227 Brian Sneed, pro se.
Office of the Attorney General, by John R. Henry, attorney for appellee.
Before MYERS, P.J., GRIFFIS and ROBERTS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Brian Sneed appeals the denial of his motion for post-conviction collateral relief. Sneed asserts that: (1) he was not put on notice of the amendment to his indictment charging him as a habitual offender; (2) the amendment was defective because it failed to set out the prior convictions necessary to sentence him as a habitual offender; and (3) he was denied effective assistance of counsel. We find no error and affirm.

FACTS
¶ 2. Sneed was indicted on two counts of burglary of a business. The original indictment did not charge Sneed as a habitual offender. By motion, the State requested to amend the indictment to add the habitual offender charge. To its motion, the State attached Exhibit A which set forth the cause numbers, courts of conviction, dates of conviction, offenses, dates of incident, and sentences for four of Sneed's alleged prior convictions. The circuit court granted the State's motion to amend and ordered that the indictment be amended to charge Sneed as a habitual offender. Sneed was also indicted for other crimes which are not involved in this appeal.
¶ 3. Sneed appeared before the circuit court to enter guilty pleas to all of the charges against him. The circuit court accepted his pleas. For the two counts of burglary of a business, Sneed was sentenced as a habitual offender to seven years of imprisonment for Count I and seven years of imprisonment for Count II with both sentences to run consecutively.
¶ 4. On September 28, 2006, Sneed filed a motion for post-conviction collateral relief. After a thorough review of the record, the circuit court denied Sneed's motion. *228 It is from this judgment that Sneed now appeals.

STANDARD OF REVIEW
¶ 5. A circuit court's denial of post-conviction collateral relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct. App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS

1. Did the amendment to the indictment violate Rule 7.09 of the Uniform Rules of Circuit and County Court Practice?
¶ 6. Sneed argues that he was not served with or put on notice of the amended indictment, which charged him as a habitual offender. Sneed claims unfair surprised by the amendment, in violation of Rule 7.09 of the Uniform Rules of Circuit and County Court Practice.
¶ 7. Rule 7.09 states that indictments may "be amended to charge the defendant as [a] habitual offender ... only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised." Sneed, who was represented by counsel, contends that he was unfairly surprised because he was not personally served with a copy of the amended indictment. However, as the circuit court held, there was no error in the State serving Sneed's counsel with the motion to amend. Rule 2.06 of the Uniform Rules of Circuit and County Court Practice states that "[u]nless otherwise ordered by the court, all pleadings, motions, or applications to the court, except the initial pleading or indictment, must be served ... on all attorneys of record for the parties, or on the parties when not represented by an attorney...." Sneed was represented by counsel in this matter and this was not the initial pleading or indictment; thus, it was proper for his counsel to be served in his place.
¶ 8. Sneed further claims that he was surprised by his sentence because his plea petition did not state that he would be sentenced as a habitual offender. However, Sneed's claim of surprise is refuted by the transcript of his plea hearing. The circuit judge made numerous references to the habitual offender status of the indictment, and Sneed swore under oath that he understood that he was pleading guilty and would be sentenced as a habitual offender. At the beginning of the hearing, the circuit court stated that the indictment was "amended by order of the Court to charge Mr. Sneed as a habitual offender under Section 99-19-81 of the Mississippi Code." The circuit court then addressed the following questions to Sneed:
Q: You understand that in  as far as burglary of a business goes, the maximum penalty is seven years in the penitentiary, and in that one case where you have two counts under the habitual sentencing statute, this Court has no choice. You know, you must receive the maximum penalty.
A: Yes, sir.
Q: Do you understand that?
A: Yes, sir.
¶ 9. The record shows that Sneed was aware that he was being sentenced as a habitual offender. He had ample opportunity to ask the circuit judge about the charges, but instead he repeatedly told the circuit judge that he understood the consequences of pleading guilty to the charges against him. The evidence contradicts Sneed's claim that he was unfairly surprised *229 by the amended indictment. Accordingly, this issue has no merit.

2. Was the amendment to the indictment defective?
¶ 10. Sneed argues that the amended indictment charging him as a habitual offender was defective because it failed to set out the prior convictions necessary to sentence him as a habitual offender. Specifically, Sneed states that Exhibit A which listed his prior convictions is a fraudulent document and should not be used to support the State's motion to amend the indictment. He claims the document is fraudulent because it appears to have been handed down by the grand jury even though it was not. The State asserts that this claim is ludicrous as Sneed admitted the alleged convictions during his plea hearing.
¶ 11. Rule 11.03 of the Uniform Rules of Circuit and County Court Practice requires that an indictment "allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of judgment." Here, Exhibit A lists each of Sneed's alleged prior convictions with particularity. Sneed offers no rule or other law that supports his proposition that it was improper for the State to list the convictions in an exhibit attached to its motion, and neither the State nor the circuit court knows of such a rule.
¶ 12. The supreme court has held that "it is the duty of an appellant to provide authority and support of an assignment [of error]. If a party does not provide this support this Court is under no duty to consider assignments of error when no authority is cited." Hoops v. State, 681 So.2d 521, 526 (Miss.1996) (citations omitted). Sneed has provided no such support for his claim; thus, we find this issue has no merit.

3. Was Sneed denied effective assistance of counsel?
¶ 13. Lastly, Sneed argues that his representation by counsel was ineffective. In support of his claim, he asserts that counsel was obligated to inform him that he was being charged as a habitual offender and, at the least, request a hearing on the State's motion to amend the indictment.
¶ 14. To prove ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient and (2) this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with the defendant. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). In cases involving post-conviction collateral relief, "where a party offers only his affidavit, then his ineffective assistance claim is without merit." Vielee v. State, 653 So.2d 920, 922 (Miss.1995).
¶ 15. Sneed offers only his own statement as proof of his claim of ineffective assistance. He has failed met his burden of demonstrating that his counsel was deficient in any way or that he was prejudiced by his counsel's performance. Thus, this issue is without merit.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF QUITMAN COUNTY DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO QUITMAN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.