GRIFFIS, P.J.,
for the Court:
¶ 1. Brian Sneed appeals the circuit court’s denial of his second motion for post-conviction collateral relief. He contends that his motion is not subject to the applicable procedural bars because his fundamental constitutional rights were violated. We find no error and affirm.
*299 FACTS
¶ 2. Sneed was indicted on two counts of burglary of a business. His indictment was later amended to charge him as a habitual offender. On March 9, 2005, Sneed pleaded guilty to both counts,[1] and he was sentenced to serve two consecutive seven-year terms as a habitual offender without eligibility for parole or probation.
¶ 3. Sneed filed his first motion for post-conviction collateral relief on September 28, 2006. The circuit court denied the motion, and this Court affirmed the denial on appeal. Sneed v. State, 990 So.2d 226, 229 (¶ 16) (Miss.Ct.App.2008).
¶ 4. Sneed filed a second motion for post-conviction collateral relief on May 9, 2009. The circuit court found that Sneed’s motion was procedurally time-barred and successive-writ barred. Additionally, the order thoroughly addressed each of Sneed’s assignments of error, finding no merit to any of the claims. The motion was denied, and Sneed now appeals.
STANDARD OF REVIEW
¶5. A circuit court’s denial of post-conviction collateral relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS
¶ 6. The circuit court denied Sneed’s motion as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Supp.2011). Further, the circuit court held that Sneed’s motion was filed outside the three year time limitation under Mississippi Code Annotated section 99-39-5(2) (Supp.2011). Thus, Sneed’s motion is procedurally barred unless an exception applies.
¶ 7. Sneed does not assert any of the statutory exceptions to the procedural bars. Instead, he contends his fundamental constitutional rights were violated because (1) his counsel’s performance was deficient and prejudicial to his case, and (2) he is actually innocent of the burglaries to which he pleaded guilty. Sneed is correct that “errors affecting fundamental constitutional rights are excepted from the procedural bars.” Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010). Yet we are unconvinced that Sneed’s current claims fall within this exception.
¶ 8. Sneed argues that his counsel advised Sneed that he was guilty of burglary simply because he possessed the stolen property. Sneed contends that this violated his fundamental right to competent counsel. The Mississippi Supreme Court has held:
It is conceivable that under the facts of a particular case, this Court might find that a lawyer’s performance was so deficient, and so prejudicial to the defendant, that the defendant’s fundamental constitutional rights were violated. However, this Court has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar.
Bevill v. State, 669 So.2d 14, 17 (Miss.1996).
¶ 9. Similar to his first appeal to this Court, Sneed raises this issue without sufficient proof of counsel’s deficiency. He offers merely his own assertions of ineffective assistance of counsel. This time, Sneed did attach an affidavit from his mother, but her testimony merely evi *300 dences what Sneed told her. We do not find that the performance of Sneed’s counsel was so deficient and prejudicial as to violate Sneed’s fundamental constitutional rights. As such, his current claim is procedurally barred.
¶ 10. Sneed further argues that he is innocent of the two counts of burglary. Again, in order to raise this issue despite the procedural bars, Sneed claims that his fundamental constitutional rights have been violated. But he has provided no authority that raising a claim of innocence after entering a valid guilty plea invokes the fundamental-rights exception.
¶ 11. This issue was addressed by this Court in Adams v. State, 954 So.2d 1051, 1054 (¶¶ 11-12) (Miss.Ct.App.2007):
Adams further contends that counsel’s argument about the existence of a favorable witness and the witness affidavits attached to his PCR establish his actual innocence and except the claims in his PCR from the time bar. A post-conviction relief petitioner’s contention that his actual innocence excepted his claim from the procedural bar was rejected in Howard v. State, 945 So.2d 326, 369 (¶95) (Miss.2006). In Howard the petitioner relied upon federal case law concerning the actual innocence exception to the procedural bar in successive, abusive, or defaulted habeas claims. Id. The supreme court held that, even if federal habeas case law on actual innocence applied to Howard’s PCR, Howard had failed to prove his actual innocence. Id. Similarly in this case, even if the federal standard applied, Adams has failed to meet the requirement of a demonstration that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Trotter v. State, 907 So.2d 397, 401 (¶ 12) (Miss.Ct.App.2005) (quoting Bousley v. U[nit-ed] S[tates], 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).
¶ 12. Sneed, too, has failed to prove his actual innocence. The record is clear that Sneed testified under oath at his plea colloquy that he did, indeed, commit the crimes charged. We have no evidence before us to prove otherwise. Accordingly, this claim is also procedurally barred.
¶ 13. We find no error in the circuit court’s judgment denying Sneed’s motion for post-conviction collateral relief.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF QUITMAN COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO QUITMAN COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. Sneed also entered guilty pleas to other crimes that are not involved in this appeal.