# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01581-COA

WILLIAM ROBERT MCMICKLE A/K/A
WILLIAM R. MCMICKLE A/K/A WILLIAM
MCMICKLE

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/10/2014 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM ROBERT MCMICKLE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED – 12/08/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., MAXWELL AND FAIR, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1. William McMickle, proceeding pro se, appeals from the judgment of the Harrison County Circuit Court denying his motion for post-conviction relief (PCR). On appeal, he raises several issues. However, as explained below, because we find that many of them were waived, we only discuss four: (1) whether there was a factual basis to support McMickle's guilty plea, (2) whether the guilty plea was knowingly and voluntarily made, (3) whether McMickle was subjected to double jeopardy, and (4) whether McMickle received ineffective

assistance of counsel.

¶2. Finding no error, we affirm.

FACTS

¶3. After an officer with the Gulfport, Mississippi Police Department (GPD) pulled McMickle over for a traffic violation, he discovered cocaine in McMickle's car. The officer arrested McMickle, who, while in police custody, confessed to the crime of possession of two grams or more but less than ten grams of cocaine. Shortly after he confessed, he agreed to work with the GPD as a confidential informant (CI).

¶4. McMickle was later indicted on the possession charge, and he pleaded guilty to it. However, the circuit court withheld adjudication of guilt and placed him on probation in the drug court program. As a condition of his probation, McMickle was ordered to refrain from violating the laws of this state, of any state of the United States, and of the United States. He later committed the crimes of possession of cocaine and sale of cocaine,[1] and the State filed a petition to revoke his probation, which the circuit court granted. The court adjudicated McMickle guilty of possession of two grams or more but less than ten grams of cocaine and sentenced him to serve twelve years in the custody of the Mississippi Department of Corrections, with credit for time served. After that, McMickle filed his PCR motion in the circuit court. The denial of that motion is the basis of this appeal.

DISCUSSION

---

[1] In a separate case, McMickle was later charged with those crimes.

¶5.     We review the denial of a PCR motion under an abuse-of-discretion standard. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012) (citation omitted).  However, we review questions of law de novo.  *Id.*  (citation omitted).

¶6.     On appeal, McMickle raises several issues that focus on various stages of this case.  First, he argues that his Fourth Amendment right to be free from unreasonable searches and seizures was violated when the GPD officer pulled him over and searched his car without probable cause or a search warrant.  Second, McMickle argues that upon being arrested, he was not given *Miranda*[2] warnings.  Third, he argues that his confession was involuntary and a result of coercion because it was made in the "heat of passion" after officers informed him that he could either confess to the possession charge and work with the GPD as a CI or go to prison.  Next, he argues that his Fifth Amendment right against self-incrimination was violated when, even after he requested assistance of counsel, GPD officers continued to interrogate him and ultimately forced him to confess.  McMickle further argues that his Sixth Amendment rights to a speedy trial and to a trial by jury were violated.  And he contends that his right to due process was violated throughout various stages of his case.  However, as mentioned above, McMickle waived each of these issues when he, as discussed later in this opinion, knowingly and voluntarily pleaded guilty.  *Williams v. State*, 119 So. 3d 404, 409 (¶11) (Miss. Ct. App. 2013) (citation omitted) (finding that "[a] valid guilty plea waives all non-jurisdictional rights or defects, including the right to a speedy" and public trial by jury);

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

*Joiner v. State*, 61 So. 3d 156, 158 (¶7) (Miss. 2011) (citation omitted) (finding "that a knowing and voluntary guilty plea waives certain constitutional rights, among them the privilege against self-incrimination, the right to confront and cross-examine the State's witnesses, the right to a jury trial, and the right to have the State prove each element of the offense beyond a reasonable doubt"); *Burns v. State*, 984 So. 2d 1024, 1025 (¶7) (Miss. Ct. App. 2008) (citing *King v. State*, 738 So. 2d 240, 241 (¶¶4-5) (Miss. 1999)) (finding that "[a] valid guilty plea waives the defendant's right to make certain constitutional challenges, including those under the Fourth Amendment"); *Ward v. State*, 914 So. 2d 332, 335 (¶7) (Miss. Ct. App. 2005) (citation omitted) (finding that "[w]hen one 'stands in open court and proclaims his guilt,' he waives the right to later assert his confession was involuntary"); *Smith v. State*, 928 So. 2d 190, 191 (¶4) (Miss. Ct. App. 2005) (finding that "a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial"). We now turn to the issues that are procedurally alive.

### I. *Factual Basis to Support Guilty Plea*

¶7. McMickle contends that the circuit court erred in accepting his guilty plea because there was not a sufficient factual basis to support it. He also contends that there was a lack of evidence showing that he possessed two or more but less than ten grams of cocaine because the cocaine contained fillers that increased its weight. According to him, reports from the Mississippi Crime Lab reveal that once the weight of the fillers was subtracted from the overall weight of the cocaine, the cocaine weighed less than two grams. In the

alternative, McMickle argues that there was a lack of evidence establishing that the substance was in fact cocaine. In response, the State notes that in his plea petition, McMickle admitted that he had possessed 2.3 grams of cocaine. Therefore, the State argues that the circuit court did not err in accepting McMickle's guilty plea or denying the PCR motion.

¶8. In *Palmer v. State*, 140 So. 3d 448, 454 (¶16) (Miss. Ct. App. 2014) (internal citations and quotation marks omitted), this Court stated:

> Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A defendant can establish a factual basis for his guilty plea simply by pleading guilty; however, his plea must contain factual statements constituting a crime or be accompanied by independent evidence of guilt. In other words, a factual basis is not established by the mere fact that a defendant enters a plea of guilty. Rather, the record must contain facts that are sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal.

¶9. The transcript of the plea hearing was not made a part of the appellate record. However, the record reveals that in the plea petition, McMickle swore that he was pleading guilty because, "[o]n January 26, 2011[,] [he] possessed approx[imately] 2.3 grams of cocaine . . . in Harrison County[.]" Under *Palmer*, this statement was sufficient to establish a factual basis for his plea. This issue is without merit.

II. *Voluntariness of Guilty Plea and Ineffective Assistance of Counsel*

¶10. McMickle argues that his plea was involuntary because his trial counsel coerced him into pleading guilty by informing him that if he decided to withdraw his guilty plea, then the circuit court would impose the maximum sentence. He also argues that his trial counsel

5

misled him by promising him that if he pleaded guilty and subsequently violated the terms of his probation, then, after revoking his probation, the circuit court would impose a maximum sentence of only three years. He, therefore, insists that his decision to plead guilty was made in a "heat of passion." In response, the State points out that in his plea petition, McMickle stated that the plea was given freely and voluntarily.

¶11. Rule 8.04(A)(3) of the Uniform Rules of Circuit and County Court Practice governs the entry of guilty pleas and provides:

> Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.

¶12. We have already found the existence of a factual basis to support McMickle's guilty plea. As to his assertion that his attorney coerced him into pleading guilty by informing him that if he decided to withdraw his guilty plea, then the circuit court would impose the maximum sentence, it is sufficient to say that McMickle has not offered any affidavits other than his own in support of this allegation. Our law is well settled that a defendant's affidavit alone is insufficient to prove the allegations of his PCR motion. *Woods v. State*, 71 So. 3d 1241, 1245 (¶13) (Miss. Ct. App. 2011) (citation omitted). Moreover, as the State points out, McMickle's sworn plea petition belies this allegation, as it contains the following statement in uppercase lettering: "I offer my plea of guilty freely and voluntarily and of my own accord and with full understanding of all the matters set forth in the indictment and in this petition."

6

Our law is also well settled that the sworn statements made by a defendant at the time of the entering of his guilty plea are to be accorded great weight. *Townes v. State*, 88 So. 3d 812, 815 (¶8) (Miss. Ct. App. 2012) (citation omitted). Therefore, we find this allegation to be unsubstantiated and without merit.

¶13.     McMickle's second allegation—that his trial counsel misled him by promising him that if he pleaded guilty and subsequently violated the terms of his probation, then, after revoking his probation, the circuit court would impose a maximum sentence of only three years—is subject to the same evidentiary deficiency as his first allegation, that is, a lack of proof other than his own statement, which, as we have already found, is insufficient to sustain his burden of proof. Also, in his plea petition, McMickle swore:

> I . . . understand that if I plead [guilty,] the [c]ourt may impose the same punishment as if I had pled [not guilty,] stood trial, and been convicted.
>
> I know that if I plead [guilty] to this/these charge(s)[,] the possible sentence for this/these charge(s) is:
>
> ****
>
> . . . a total possible sentence of [four] . . . to [sixteen] years['] imprisonment and/or a fine of [zero dollars] to $250,000[.[3]]
>
> I know . . . that the sentence is up to the [c]ourt[,] that the [c]ourt is not required to carry out any understanding made between me and my attorney with the District Attorney[,] and, further, that the [c]ourt is not required to

---

[3] Mississippi Code Annotated section 41-29-139(c)(1)(C) (Supp. 2015), the statute under which McMickle was sentenced, has since been amended and now provides that the penalty for possession of two grams or more but less than ten grams of cocaine is a sentence of not more than eight years or a fine of not more than $250,000, or both.

follow the recommendation of the District Attorney, if any.

\*\*\*\*

I believe that my lawyer has done all that anyone could do to counsel and assist me. I AM SATISFIED WITH THE ADVICE AND HELP MY LAWYER HAS GIVEN ME. I recognize that if I have been told by my lawyer that I might receive probation or a light sentence, this is merely his/her prediction and is not binding on the [c]ourt.

(Emphasis in original). It is clear from McMickle's plea petition that he understood that his attorney could not dictate the sentence that he would receive if he violated the terms of his probation and it was revoked, because in the petition, McMickle acknowledged that he knew the sentence was up to the court and that the court was not required to carry out any agreement made between him, his attorney, and the district attorney. More importantly, he understood that even if his lawyer had told him that he would receive no more than three years, it was only a prediction and not binding on the court. While the information in the plea petition regarding sentencing spoke to the initial sentence that the court could give, it is logical that McMickle also understood that if he was initially sentenced to a probationary period and his probation was later revoke, the sentence that he would receive was left to the sole discretion of the circuit court. This argument is without merit.

¶14. McMickle also claims that he received ineffective assistance of counsel because his trial counsel failed to file motions to (1) withdraw his confession, (2) enforce the alleged plea agreement between him and the GPD, and (3) withdraw his guilty plea, and for discovery of reports from the crime lab. He also claims that his trial counsel's coercive tactics and

8

misleading statements—specifically, counsel's alleged statements that the circuit court would impose the maximum sentence if McMickle changed his mind about pleading guilty and that if McMickle pleaded guilty and subsequently violated the terms of his probation, the circuit court would impose a maximum sentence of only three years—rendered counsel's representation ineffective. In response, the State points out that McMickle acknowledged under oath that he was satisfied with his trial counsel's representation.

¶15. We have already addressed the latter half of McMickle's final argument concerning his counsel's alleged misrepresentation to him. Therefore, we will not discuss it any further. In *Richardson v. State*, 769 So. 2d 230, 234 (¶10) (Miss. Ct. App. 2000) (internal citations and quotation marks omitted), this Court stated:

> Claims of ineffective assistance of counsel are judged by the standard in [*Strickland v. Washington*, 466 U.S. 668 (1984)]. The two-part test set out in *Strickland* is whether counsel's performance was deficient and, if so, whether the deficiency prejudiced the defendant to the point that our confidence in the correctness of the outcome is undermined. This standard is also applicable to a guilty plea. A strong but rebuttable presumption exists that counsel's conduct falls within a broad range of reasonable professional assistance. To overcome this presumption, the defendant must show that but for the deficiency a different result would have occurred.

¶16. Upon review, we do not find that McMickle's trial counsel's failure to file the aforementioned motions rendered his representation ineffective. Also, we do not find sufficient evidence to support McMickle's claims concerning his counsel's alleged misrepresentations and coercion. Moreover, even if we assume for the sake of argument that counsel's representation was deficient, McMickle cannot show that the deficient

9

representation prejudiced his case. He was initially sentenced to probation for a crime that carried a maximum sentence of twenty years. Surely this cannot be considered prejudicial. And McMickle's trial counsel cannot be faulted for McMickle's violation of his probation and the resulting sentence. This issue is without merit.

### III. Double Jeopardy

¶17. McMickle avers that he was subjected to double jeopardy because he was prosecuted several times for the same offense. According to him, his first prosecution followed his confession, and he "served his time" by working as a CI. Therefore, in McMickle's opinion, his indictment constituted double jeopardy, and his subsequent guilty plea constituted yet another prosecution. Following this logic, McMickle also avers that the revocation of his probation and the imposition of the twelve-year sentence constituted yet another prosecution for the same offense. In response, the State predictably argues that this issue is without merit.

¶18. "The Double Jeopardy Clause prevents a second prosecution for the same offense after acquittal, protects against a second prosecution for the same offense after conviction, and protects against multiple punishments for the same offense." *Avery v. State*, 102 So. 3d 1178, 1181 (¶9) (Miss. Ct. App. 2012) (citation and internal quotation marks omitted). In this case, McMickle was not subjected to double jeopardy, as he was not prosecuted after an acquittal or a conviction, and he was punished only once for the possession charge. *See generally Thomas v. State*, 845 So. 2d 751, 753 (¶¶12-17) (Miss. Ct. App. 2003). This issue

10

is without merit.

¶19.    Based on the foregoing, we find that the circuit court did not err in denying

McMickle's PCR motion.  Accordingly, we affirm.

¶20.    **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

 **LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**