WILSON, J.,
FOR THE COURT:
¶ 1. In June 2008, Remill Mason killed Terrell Richmond by shooting him in the back of the head. Mason was fifteen years old at the time, while Richmond was seventeen years old. Telvin Campbell, then sixteen years old, was also present when Mason shot Richmond. The three were in Richmond’s bedroom at his home in Marshall County. Richmond was seated in front of his computer with- his back to Mason and Campbell. Mason walked up behind Richmond, took a nine-millimeter handgun from his waistband, -and shot Richmond in the back of the head.
¶2. Mason was indicted for deliberate design murder. However, in May 2009 he *131 pled guilty to manslaughter and kidnapping. The circuit judge imposed consecutive sentences of twenty and thirty years in the custody of the Mississippi Department of Corrections (MDOC).
¶ 8. In 2011, Mason filed his first motion for post-conviction relief (PCR), which the circuit court denied. In October 2014, Mason filed his second PCR motion. Mason’s motion asserted a number of claims, including that he was “actually and factually innocent of the kidnapping charge” and that his sentence violates the Eighth Amendment to the United States Constitution, as interpreted in Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). The circuit court denied Mason’s motion in March 2015, and Mason filed a timely notice of appeal.
¶4. On appeal, Mason advances the same claims as in his second PCR motion, which may be combined and summarized as follows: (1) he is “actually and factually innocent of the kidnapping charge”; (2) his conviction for both kidnapping and manslaughter violates double jeopardy; (3) his interrogation by law enforcement without his parents present violated his constitutional rights; (4) the State failed to disclose exculpatory or impeachment evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); (5) ineffective assistance , of counsel in connection with his guilty plea and his first PCR motion; and (6) his consecutive sentences are unconstitutional under Miller v. Alabama^ supra.
¶5. To prevail on any claim for post-conviction relief, “the movant must ... show that the claim is procedurally alive.” Scott v. State, 141 So.3d 34, 35 (¶ 2) (Miss. Ct. App. 2014). In the absence of a statutory or judicially created exception, Mason’s claims are all barred by the applicable three-year statute of limitations and the prohibition against successive PCR motions. See Miss. Code Ann. §§ 99-39-5(2) & 99-39-23(6) (Rev. 2015). No exception to the procedural bars is applicable to claims (3), (4), and (5).[1] Therefore, those claims are procedurally barred and require no further discussion. For the reasons explained below, claims (1), (2), and (6) are without merit. Therefore, we affirm.

I. Mason is not actually or factually innocent of the kidnapping charge.

¶ 6. Mason claims that he is entitled to post-conviction relief because he is “actually and factually innocent of the kidnapping charge.” Specifically, Mason argues that Richmond was never confined against his will because the evidence shows that Mason simply shot him in the back of the head without any forewarning.
*132 ¶7. A showing of “actual innocence” is an exception to procedural bars in federal habeas corpus proceedings. See Howard v. State, 945 So.2d 326, 369-70 (¶ 95) (Miss. 2006); Sneed v. State, 85 So.3d 298, 300 (¶¶ 10-11) (Miss. Ct. App. 2012). This Court has also applied the exception in proceedings under the state Uniform Post-Conviction Collateral Relief Act (UPCCRA). See Henderson v. State, 170 So.3d 547, 553-54 (¶¶ 21-23) (Miss. Ct. App. 2014). However, “[i]t is important to note ... that ‘actual innocence’ means factual innocence, not mere legal insufficiency.” Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). “To establish actual innocence, [a] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.” Id. (quotation marks omitted). Moreover, “[i]n cases where the [State] has forgone more serious charges in the course of plea bargaining, [the] petitioner’s showing of actual innocence must also extend to those charges.” Id. at 624, 118 S.Ct. 1604.
¶8. In the present case, Mason was indicted for the more serious offense of deliberate design murder, which carried a life sentence. Miss. Code Ann. §§ 97-3-19(l)(a) & -21 (Rev. 2006). The State dismissed this charge as part of Mason’s plea bargain. Whatever arguments may be made about the charge of kidnapping, Mason cannot possibly prove that “no reasonable juror would have convicted him” of the “more serious charge[]” of deliberate design murder. Bousley, 523 U.S. at 623-24, 118 S.Ct, 1604. At his plea hearing, Mason agreed under oath that he and Campbell planned in advance to kill Richmond and that he killed Richmond by shooting him in the back of the head. Mason’s statement to law enforcement also provides compelling evidence that he is actually and factually guilty of deliberate design murder. Accordingly, Mason is not actually or factually innocent for purposes of his PCR claim.
¶ 9. Moreover, Mason also expressly agreed under oath that he and Campbell “kidnapped [Richmond] by holding him at gunpoint.” This admission provided a sufficient factual basis for the plea. Our Supreme Court has clearly held that “aspor-tation” (i.e., movement) is not an essential element of kidnapping. See, e.g., Carr v. State, 655 So.2d 824, 848-49 (Miss. 1995). A person is guilty of kidnapping if, “without lawful authority,” he shall “forcibly seize and confine any other person ... with intent to cause such person to be confined or imprisoned against his or her will.” Miss. Code Ann. § 97-3-53 (Rev. 2006); see Carr, 655 So.2d at 849. This is fairly captured in Mason’s admission under oath that he kidnapped Richmond “by holding him at gunpoint.” Accordingly, this issue is without merit.

II. Mason’s convictions for manslaughter and kidnapping do not violate double jeopardy.

¶ 10. Mason also claims that his convictions for manslaughter and kidnapping violate the Double Jeopardy Clause. Our Supreme Court has held that double jeopardy claims are excepted from the UPCCRA’s procedural bars. Salter, 184 So.3d at 950 (¶ 22). However, Mason’s double jeopardy claim is entirely derivative of his claim that he is “actually and factually innocent of the kidnapping charge.” Mason acknowledges that the offenses of kidnapping and manslaughter have substantially different elements and, therefore, conviction for both ordinarily would not raise any double jeopardy concern. However, he argues that there was no evidence to support the kidnapping charge and, therefore, the sentence he received for kidnapping was, in reality, a multiple punishment for the of *133 fense of manslaughter. As we have already determined that Mason is not actually or factually innocent of kidnapping—and that there was a sufficient basis- for his plea to that charge—his derivative double jeopardy claim is also without merit.

III. Mason’s sentence is ■ not unconstitutional.

¶ 11. Finally, Mason claims that his sentence violates the Eighth Amendment to the United States Constitution, as interpreted by the United States Supreme Court in Miller v. Alabama, supra, and Montgomery v. Louisiana, — U.S.-, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). This claim is also without merit.
¶ 12. In Miller, the Supreme Court held “that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.” Miller, 132 S.Ct. at 2469.[2] The Court held that the sentencer must have “discretion” to “consider mitigating circumstances” before imposing a sentence of life without parole on a juvenile offender. Id. at 2475. In Mississippi, if a juvenile received a mandatory sentence of life without parole in violation of Miller, the remedy is a new sentencing hearing at which the sentencer has discretion to impose a sentence of life without parole or life with eligibility for parole. See Parker v. State, 119 So.3d 987, 999 (¶ 28) (Miss. 2013).
¶ 13. This basic holding of Miller obviously does not apply to Mason’s sentence. The relevant statutes under which Mason was sentenced did not “mandate” that the judge sentence him to more than two years in prison.[3] The judge had discretion to impose any total sentence between two and fifty years that the judge deemed just and proper. Therefore, Miller’s primary holding simply does not apply to Mason’s case..
¶ 14. Moreover, it is important to keep in mind the nature of a judge’s discretionary sentencing decision under Mississippi law. “There are at least four generally recognized factors that any sentencing judge should consider in the exercise of discretionary sentencing of any defendant who stands before the court for imposition of sentence:. (1) Rehabilitation; (2) Retribution; (3) Separation from society; and, (4) Deterrence, both general and specific.” Taggart v. State, 957 So.2d 981, 994 (¶ 31) (Miss. 2007). (emphasis added). The sentence imposed should be an “individualized” sentence based on “all information that the judge may have on the particular defendant,” including his personal “background,” and. “what sentence will hopefully have a rehabilitative effect on the defendant.” Id. (emphasis added). According to the United States Supreme Court, “any parent knows” and understands that a “lack of maturity and an underdeveloped sense of responsibility are found in youth more often than in adults and are more understandable among the young.” Roper v. Simmons, 543 U.S. 551, *134 569, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005). Given the nature of discretionary sentencing, there is no reason for this Court to assume that the circuit judge ignored Mason’s age when he sentenced him. That Mason nonetheless received a lengthy sentence is not surprising, let alone unconstitutional, given the nature of his crime.
¶ Í5. In Montgomery v. Louisiana, supra, the United States Supreme Court appeared to restate and expand Miller’s holding:
Miller ... did more than require a sen-tencer to consider a juvenile offender’s youth before imposing life without parole .... Even if a court considers a child’s age before sentencing him or her to a lifetim'é in prison, that sentence still violates the Eighth Amendment for a child whose crime reflects unfortunate yet transient immaturity.... Miller determined that sentencing a child to life without parole is excessive for all but the rare juvenile offender whose crime reflects irreparable corruption.
Montgomery, 136 S.Ct. at 734 (emphasis added; citations,' quotation marks omitted). The Court also concluded by stating that a juvenile offender “must be given the opportunity to show [his] crime did not reflect irreparable corruption; and, if it did not, [his] hope for some years of life outside prison walls must be restored.” Id. at 736-37.
¶ 16. Though Montgomery expanded Miller’s holding, it does not invalidate Mason’s sentence, as Mason was not sentenced to life without parole. He received a fifty-year sentence commencing at age fifteen.[4] In his PCR motion, Mason asserted that “[t]his effectively takes , away his entire life,” but he provided nothing to support that assertion. See Lindsay v. State, 720 So.2d 182, 186 (¶¶ 13-17) (Miss.'1998) (“Lindsay cannot argue his sentence is in effect a life sentence'when he offers only opinion as to what that life expectancy will be.”). To support his- claim, Mason might have offered evidence such as life expectancy tables. However, v the UPCCRA requires that such documents must be attached to the PCR motion. Miss. Code Ann. § 99-39~9(l)(e) (Rev. 2015). This requirement is excused only if the motion establishes good cause for a failure to provide such evidence. See Walden v. State, 201 So.3d 1042, 1045-46 (¶¶ 14-15) (Miss. 2016).
¶ Í7. Moreover, on appeal Mason all but concedes that he is not serving a de facto life sentence. Mason’s brief, authored by capable counsel on his behalf, states that he has “a tentative release date of November 25, 2050,” at which point “he will be fifty-seyen (57) years of age,” and that his “life expectancy is 70 to 7l years of age.”[5] Thus, Mason’s sentence is lengthy, but it is not a de facto life sentence. Even if Mason were entitled to a “Miller/Montgomery hearing,” and even if he could “show [that his] crime did not reflect irreparable corruption,” that would' only entitle him to a sentence that would permit “hope for some years of life outside prison walls.” Montgomery, 136 S.Ct. at 736-37. Mason is already serving such a sentence. Therefore, there is no basis for this Court to order such a hearing.
*135 ¶ 18. The dissent argues that Parker v. State, supra, requires us to reverse. However, Parker is distinguishable, as the offender in that case was actually serving a sentence of life without parole. In addition, unlike Mason, Parker’s life sentence rendered him ineligible for trusty time and earned time. See Miss. Code Ann. §§ 47-5-138.1 & -139. More, important, Parker could only petition the sentencing court for “conditional release” once he reached the age of sixty-five. Parker, 119 So.3d at 997 (¶ 23) & n.J5 (citing Miss. Code Ann. § 47-5-139 (Rev. 2011)). Unlike Parker, Mason must be released by age sixty-five. His right to release is not “conditional.” Even if Mason somehow forfeits. all of his accumulated trusty .time and earned time and ultimately serves every.day of his sentence, the State cannot imprison him beyond age sixty-five. Such a sentence does not implicate the holdings of Miller or Montgomery.[6]
¶ 19. In summary, Mason’s untimely, successive PCR motion sets forth no claim that warrants relief from his convictions or sentences. Therefore, we affirm the judgment of the circuit court dismissing the motion.'
¶ 20. THE JUDGMENT OP THE MARSHALL COUNTY , CIRCUIT COURT DISMISSING THE MOTION POR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
LEE, C.J., GRIFFIS, P.J., ISHEE, CARLTON, FAIR AND GREENLEE, JJ., CONCUR. WESTBROOKS, J., CONCURS IN PART WITHOUT. SEPARATE. WRITTEN OPINION.. BARNES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., AND WESTBROOKS, J.'

. See, e.g., Lockett v. State, 656 So.2d 68, 74-75 (Miss. 1995) (holding that claims challenging a confession are subject to the UPCCRA’s procedural bars), overruled on other grounds by Jones v. State, 700 So.2d 631, 632-33 (¶ 4) (Miss. 1997); Smith v. State, 196 So.3d 986, 993 (¶ 18) (Miss. Ct. App. 2016) (holding that ineffective assistance claims are subject to the UPCCRA’s procedural bars); Salter v. State, 184 So.3d 944, 950 (¶ 22) (Miss. Ct. App. 2015) ("In Mississippi, .., only four types of 'fundamental' rights’ have been expressly found to survive PCR procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws.’’); see also McMickle v. State, 190 So.3d 872, 874-75 (¶6) (Miss. Ct. App. 2015) (holding that a valid guilty plea waives claims challenging a confession); Walton v. State, 165 So.3d 516, 525 (¶33) (Miss. Ct. App. 2015) (holding that a valid guilty plea waives a claim alleging a Brady violation); Allen v. State, 177 So.3d 1148, 1152 (¶ 18) (Miss. Ct. App. 2014) (stating that our Supreme Court has never recognized á right to counsel in post-conviction proceedings in non-death-penalty cases).

. Miller was a 5-4 decision. The lead dissent maintained that the ruling amounted to a policy judgment that was "not [the Court’s] to make” and that had no basis in the text of the Constitution or the Court’s precedent. See Miller, 132 S.Ct. at 2482 (Roberts, C.J., dissenting). Nonetheless, a decision of the United States Supreme Court obviously "is binding on the tribunals and citizens of the respective states in comparable cases.” Bolton v. City of Greenville, 253 Miss. 656, 178 So.2d 667, 672 (1965).

. For kidnapping, in the absence of jury sentencing, the court shall impose a sentence of at least one year and not more than thirty years in MDOC custody. Miss. Code Ann. § 97-3-53. For manslaughter, the court shall impose a sentence of at least two years and not more than twenty years in MDOC custody. Id. § 97-3-25.

. Mason was sixteen when his sentence was imposed, but he received credit for approximately eleven months previously served,

. This- statement in Mason's brief is based on Mason’s accumulation of more than seven years of trusty time and meritorious earned lime while in MDOC custody, as reflected on Mason’s Inmate Time Sheet, which the State submitted in response to the Court’s order requiring supplemental briefing on this issue. Because the State was not required to file a response to Mason’s PCR motion, this document is not part of the record on appeal, but Mason appears to accept its accuracy.

. The dissent includes an extended discussion of decisions of courts in various other states that have áttempted to extend the reasoning of Miller and ‘Montgomery beyond those cases’ actual holdings. Any attempt to extend the holdings of Miller and Montgomery is at best educated guesswork, since this entire line of United States Supreme Court cases has little to do with conventional legal analysis or reasoning;, “[I]n the end,” these rulings simply reflect the justices' ever-evolving “own,judgment” about the “acceptability” of a punishment imposed by a state, Roper, 543 U.S. at 563,-125 S.Ct. 1183. More important, though, the.dissent's survey of out-of-state authority is unnecessary because Mason’s fifty-year sentence, which does not prohibit him from accumulating trusty or earned-time credit; simply does not implicate the holdings of Miller or Montgomery.