# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00444-COA

### CONSOLIDATED WITH

## NO. 2019-CP-00446-COA

### CONSOLIDATED WITH

## NO. 2019-CP-00449-COA

### CONSOLIDATED WITH

## NO. 2019-CP-00453-COA

### CONSOLIDATED WITH

## NO. 2019-CP-00454-COA

ALBERT L. McDONALD A/K/A ALBERT LEE            APPELLANT
McDONALD A/K/A ALBERT McDONALD

v.

STATE OF MISSISSIPPI                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/10/2019 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | UNION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ALBERT L. McDONALD (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/08/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., LAWRENCE AND McCARTY, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Albert McDonald shot his girlfriend during an argument.  She survived, but McDonald went on to kill two people and seriously wound two others.  In 2005, McDonald pled guilty to two counts of capital murder, three counts of aggravated assault, three counts of burglary, and one count of kidnapping.  In 2015, he filed a motion for post-conviction relief (PCR) contending that he was subjected to double jeopardy, that some of his indictments were defective, and that he received ineffective assistance of counsel.  The circuit court dismissed the motion as barred by the statute of limitations and without merit, and this Court affirmed on appeal.  *McDonald v. State*, 204 So. 3d 780, 781-82 (¶1) (Miss. Ct. App. 2016), *cert. denied*, 205 So. 3d 1085 (Miss. 2016).

¶2.     In 2018, McDonald filed four PCR motions challenging his convictions.[1]  The circuit court denied the motions based on the three-year statute of limitations of the Uniform Post-Conviction Collateral Relief Act (UPCCRA), Miss. Code Ann. § 99-39-5(2) (Rev. 2015), and the UPCCRA's bar on successive motions, *id.* § 99-39-23(6) (Rev. 2015).  McDonald appealed the circuit court's orders, and this Court consolidated his appeals.  We now find no error and affirm.

¶3.     A PCR motion must be filed within three years after a conviction on a guilty plea.  *Id.*

---

[1] McDonald likely filed multiple motions to comply with Mississippi Code Annotated section 99-39-9(2) (Rev. 2015), which states, "A [PCR] motion shall be limited to the assertion of a claim for relief against one (1) judgment only.  If a petitioner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions."  In McDonald's prior appeal, we noted that his first PCR motion violated this statute, but we addressed the merits of his motion nonetheless.  *McDonald*, 204 So. 3d at 782 (¶4).  Our Supreme Court subsequently held that section 99-39-9(2) is invalid because it violates the constitutional separation of powers.  *Ashwell v. State*, 226 So. 3d 69, 71-72 (¶¶6-9) (Miss. 2017).  Therefore, a petitioner now may combine challenges to multiple judgments in a single PCR motion.

§ 99-39-5(2). McDonald's present motions are clearly time-barred because they were filed nearly thirteen years after he was convicted. In addition, a final judgment denying a PCR motion "shall be a bar to a second or successive motion." *Id.* § 99-39-23(6). Given this Court's decision affirming the dismissal of McDonald's first PCR motion, McDonald's present motions are barred on this ground as well.

¶4. There are statutory exceptions to the statute of limitations and successive-motion bar, but none apply in this case. Our Supreme Court has also held that claims alleging violations of certain "fundamental rights" are excepted from the UPCCRA's statute of limitations and successive-motion bar. *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). Therefore, we must determine whether any of McDonald's claims fit within this exception. McDonald, as the movant, bears the burden of proving that the exception applies. *E.g.*, *Beal v. State*, 270 So. 3d 910, 914-15 (¶14) (Miss. Ct. App. 2018).

¶5. McDonald alleges that (1) some of his indictments were defective or constructively amended, (2) the court failed to establish a factual basis for his guilty plea, (3) his guilty plea was involuntary, (4) his confession was involuntary, (5) he was subjected to double jeopardy, and (6) he received ineffective assistance of counsel. Claims (1), (2), (3), and (4) do not implicate any exception to the statute of limitations or successive-motion bar.[2] We also note

---

[2] *See, e.g.*, *Conley v. State*, No. 2011-M-01006, 2020 WL 949240, at *1 (Miss. Feb. 26, 2020) ("[A] defective-indictment claim does not meet any recognized exception to the [statute of limitations or successive-writ bar]."); *Green v. State*, 235 So. 3d 1438, 1440 (¶9) (Miss. Ct. App. 2017) ("[A] claim that the trial court failed to establish a factual basis for the convictions in the record" "does not implicate a fundamental constitutional right and is subject to the time-bar."); *Mason v. State*, 235 So. 3d 129, 131 (¶¶4-5) & n.1 (Miss. Ct. App. 2017) (holding that a challenge to a confession is barred by the statute of limitations and successive-motion bar); *Fields v. State*, 228 So. 3d 942, 945 (¶13) (Miss. Ct. App. 2017)

3

that these claims are similar or identical to claims in McDonald's first PCR motion, which the circuit court and this Court rejected as without merit.

¶6.    The protection against "double jeopardy" is one of the "fundamental rights" that is excepted from the statute of limitations and successive-motion bar. *Rowland v. State*, 98 So. 3d 1032, 1036 (¶6) (Miss. 2012), *overruled on other grounds by Carson v. State*, 212 So. 3d 22, 33 (¶38) (Miss. 2016).  McDonald's double jeopardy claim is not entirely clear, but he appears to complain that he was charged with assaulting and kidnapping the same victim in two different indictments.  He pled guilty to the charges in one indictment, while the similar charges in the other indictment were retired to the files.  Thus, McDonald was not punished or "put in jeopardy" twice for the same offense.  Accordingly, his double jeopardy claim is without merit.  *See Shinn v. State*, 174 So. 3d 961, 968 n.4 (Miss. Ct. App. 2015) ("The mere fact that two indictments are outstanding does not raise double jeopardy concerns.").

¶7.    Our Supreme Court has also stated that a claim of ineffective assistance of counsel may be excepted from the statute of limitations and successive-motion bar in "exceptional circumstances," *Conley*, 2020 WL 949240, at *1, or "extraordinary circumstances," *Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015).  Here, McDonald alleges that one of his attorneys had a conflict of interest.[3]  However, at his plea hearing, McDonald

(holding that claims alleging an involuntary guilty plea or a defective indictment do not meet any exception to the statute of limitations); *see also McMickle v. State*, 190 So. 3d 872, 874-75 (¶6) (Miss. Ct. App. 2015) (holding that a valid guilty plea waives a claim that a prior confession was involuntary).

[3] Two public defenders represented McDonald.  One of those attorneys, in his capacity as a municipal judge, had previously signed a warrant for McDonald's arrest on other charges arising from a separate incident.

4

stated under oath that he and his attorney had discussed the possible conflict and that he waived any conflict. McDonald has provided no evidence that the possible conflict was disqualifying, that his attorneys' performance was in any way deficient, or that he suffered any possible prejudice. Nor does McDonald identify any exceptional or extraordinary reasons for excepting this claim from the statute of limitations or the successive-motion bar. Accordingly, McDonald's ineffective assistance of counsel claim also fails.

¶8.     In summary, most of McDonald's claims are barred by the statute of limitations and successive-motion bar, and the only two claims that might be excepted from those bars are without merit. Therefore, the circuit correctly denied McDonald's PCR motions.

¶9.     **APPEAL NOS. 2019-CP-00444-COA, 2019-CP-00446-COA, 2019-CP-00449-COA, 2019-CP-00453-COA, AND 2019-CP-00454-COA: AFFIRMED.**

**CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. BARNES, C.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**