# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00171-COA

**EDDIE BROWN A/K/A EDDIE L. BROWN, JR. A/K/A EDDIE L. BROWN**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/19/2022 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDDIE BROWN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 07/23/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     In 2017, Eddie Brown was charged with Count I, second-degree murder, and Count II, possession of a firearm by a felon.  In the midst of his trial, Brown accepted the State's plea agreement and entered a guilty plea to the charges on October 3, 2018, and the Leflore County Circuit Court entered the judgment and sentencing order the following day.  For Count I, the trial court sentenced Brown to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC), to be followed by five years of post-release supervision.  For Count II, the trial court sentenced Brown to serve ten years in MDOC's custody, with the sentence to run concurrently with the sentence imposed for Count I.

¶2.     Brown filed a motion for post-conviction relief (PCR) on January 25, 2022, seeking

to set aside his guilty plea. He asserted several claims of error regarding (1) the voluntariness of his guilty plea; (2) ineffective assistance of counsel; (3) prosecutorial misconduct; (4) the court's evidentiary ruling on expert witness testimony; (5) law enforcement's "failure to follow protocol" by not sending additional evidence to ballistics to confirm whether there were additional shooters; and (6) Brown's actual innocence as to the murder charge. On April 19, 2022, the trial court entered its order denying Brown's PCR motion, finding that it was time-barred under Mississippi Code Annotated section 99-39-5(2) (Rev. 2020) of the Uniform Post-Conviction Collateral Relief Act (UPCCRA).[1] Alternatively, the court found no merit to Brown's claims. Brown appeals from the trial court's order, reasserting the claims brought in his PCR motion.[2] We find no error and affirm.

## DISCUSSION

¶3. "When reviewing a trial court's denial or dismissal of a PCR petition, we will only disturb the trial court's factual findings if they are clearly erroneous[.]" *Hall v. State*, 370 So. 3d 214, 216 (¶6) (Miss. Ct. App. 2023) (quoting *Cuevas v. State*, 304 So. 3d 1163, 1167 (¶19) (Miss. Ct. App. 2020)). Questions of law are reviewed de novo. *Id*. The UPCCRA

---

[1] Although the trial court's order mistakenly states in the first paragraph that Brown pled guilty on October 3, 2020, the trial court later states the correct date in its order, and Brown admits in his brief that "[t]he entry date of the judgment of conviction and sentence was on or about the 3rd day of October 2018."

[2] Brown failed to file a timely notice of appeal; so he filed a motion to reopen the appeal in July 2022 (within 180 days of the court's order, *see* M.R.A.P. 4(h)). The trial court entered an order on February 15, 2023, granting Brown's motion to reopen the time for appeal.

provides that a PCR motion following a defendant's guilty plea must be filed "within three . . . years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2). The only express statutory exceptions to this time-bar are cases where the petitioner can demonstrate "an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence"; new evidence "not reasonably discoverable at the time of trial"; "biological evidence not tested" or that could be subjected to new "DNA testing" that would have an impact on the conviction or sentence; or instances where a movant's "sentence has expired or his probation, parole or conditional release has been unlawfully revoked." Miss. Code Ann. § 99-39-5(2)(a)-(b). Brown filed his motion on January 25, 2022, more than three years following the entry of the judgment of conviction.[3] We therefore find no error in the trial court's ruling that Brown's motion is time-barred and that "Brown is not entitled to any relief."

¶4.    Additionally, although Brown contends in his brief that the murder victim "was killed by 'friendly fire' by one of his own relatives," he provided no evidence to support this claim of actual innocence. "To establish actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Mason v. State*, 235 So. 3d 129, 132 (¶7) (Miss. Ct. App. 2017) (quoting

---

[3] Although the petition indicates that it was filed with the clerk's office on January 20, 2022, the Leflore County Circuit Court's case docket says it was filed on January 25, 2022. Regardless, the petition was untimely filed.

*Bousley v. United States*, 523 U.S. 614, 623 (1998)); *see*, *e.g.*, *Adams v. State*, 954 So. 2d 1051, 1054-55 (¶12) (Miss. Ct. App. 2007) (finding "conflicting affidavits" presented by petitioner fell "far short of demonstrating that it is more likely than not that no reasonable juror would have convicted [him]"). In his PCR motion, Brown acknowledged that he "managed to get off two shots in the midst of the gun-fight." Brown also admitted in his signed guilty-plea petition that "[o]n or about April 17, 2016, I killed Tyree Jernigan while in possession of a firearm as a convicted felon."

¶5. Accordingly, we affirm the trial court's denial of Brown's PCR motion.

¶6. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**