LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On April 18, 2006, in the Tate County Circuit Court, Alex June Davis pled guilty to one count of felon in possession of a deadly weapon. In return, the State dropped a pending kidnaping charge against Davis. Davis waived his right to have the matter submitted to a grand jury and accepted a bill of information as the charging instrument. The trial court sentenced Davis to serve three years in the custody of the Mississippi Department of Corrections as a habitual offender pursuant to Mississippi Code Annotated Section 99-19-81 (Rev.2000).
¶ 2. Davis subsequently filed a motion for post-conviction relief. After reviewing the pleadings and court files, the trial court dismissed Davis’s motion pursuant to Mississippi Code Annotated Section 99-39-11(2) (Rev.2000). Davis now appeals to this Court asserting the following issues: (1) the search warrant was invalid; (2) his right to an initial appearance was violated; and (3) there was insufficient evidence to convict him. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 3. A trial court’s denial of post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
*1270 DISCUSSION
I. WAS THE SEARCH WARRANT INVALID?
II. WAS DAVIS’S RIGHT TO AN INITIAL APPEARANCE VIOLATED?
III. WAS THE EVIDENCE SUFFICIENT TO PROVE DAVIS GUILTY?
¶ 4. Upon the entry of a valid guilty plea, certain challenges are waived by the defendant. In Davis’s case, all of his issues on appeal were waived when he pled guilty to felon in possession of a deadly weapon. We note that Davis does not argue that his guilty plea was invalid. Certain Fourth Amendment violations, including illegal searches, are waived by a guilty plea. King v. State, 738 So.2d 240-41 (¶¶ 4-5) (Miss.1999); Thornhill v. State, 919 So.2d 238, 241(¶ 16) (Miss.Ct.App. 2005). Davis waived his right to an initial appearance. Battaya v. State, 861 So.2d 364, 366 (¶¶ 7-8) (Miss.Ct.App.2003). Davis has also waived his right to challenge the sufficiency of the State’s evidence. Young v. State, 797 So.2d 239, 246(¶ 17) . (Miss.Ct.App.2001). For the foregoing reasons, we find no merit to Davis’s issues on appeal.
¶ 5. THE JUDGMENT OF THE TATE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.