IRVING, J.,
 

 for the Court:
 

 ¶ 1. Terrance Smith appeals the Harrison County Circuit Court’s denial of his motion for habeas corpus relief. Smith asserts that the circuit court erred in not treating the motion as one for post-conviction relief, in accepting his guilty plea without first reviewing the results of DNA testing, and in accepting his guilty plea when the indictment that charged him was “facially and fatally defective.”
 

 ¶ 2. Finding no reversible error, we affirm the circuit court’s judgment.
 

 FACTS
 

 ¶ 3. Smith was indicted for the crimes of forcible sexual intercourse and sexual battery in September 2000. On August 23, 2002, Smith pleaded guilty to the crime of forcible sexual intercourse, and the sexual battery charge was passed to the files. Pursuant to the plea agreement, Smith was sentenced to fifteen years’ imprisonment, with twelve years suspended, leaving him with three years to serve and three years of probation. After serving the three years, Smith was released on probation. On March 9, 2007, Smith’s probation was revoked, and he was sentenced to serve the twelve remaining years of his fifteen-year sentence.
 

 ¶ 4. On April 2, 2009, Smith' filed a pro se “Petition for Writ of Habeas Corpus.” On April 22, 2009, the circuit court denied the motion, finding as follows:
 

 This matter is before the [cjourt on Smith’s
 
 pro se
 
 “Petition for Writ of Ha-beas Corpus,” filed April 2, 2009. On August 23, 2002, Terrance Smith entered a plea of guilty to the charged [sic] of sexual battery. He was sentenced to fifteen (15) years, twelve (12) suspended, three (3) to serve, followed by three (3) years of post[-]release supervision. Smith served his three years and began his post[-]release supervision. On March 9, 2007, his probation was revoked and he is now serving his suspended twelve (12) year sentence. Smith has previously attempted to challenged [sic] his plea and sentence in two actions, A2401-07-437 and A2401-08-81 filed pursuant to the Post[-]Conviction Collateral Relief Act. He is not entitled to further relief.
 

 Pursuant to Mississippi] Code Annotated section] ll-43-3[,][w]rits of [h]abeas [c]orpus shall not apply to any collateral relief sought by any person following his conviction of a crime. The principal
 
 *128
 
 function of a writ of habeas corpus is to test the legality of detention prior to conviction. Miss.Code Ann. § 11-43-1,
 
 Nelson v. Tullos,
 
 323 So.2d 539 (Miss.1975). The relief sought by Mr. Smith is, on its face[,] not within the scope of relief available.
 

 (Footnote omitted). In the footnote, the circuit court noted that Smith’s appeal from his first attempt at post-conviction relief was dismissed by this Court in January 2009.
 
 [1]
 
 Neither of Smith’s prior motions for post-conviction relief are contained in the record before us.
 

 ¶ 5. Regardless of the fact that the prior motions are not in the record, Smith states in his brief that after his probation was revoked, he “next filed two (2) separate post-conviction motions, which were denied .... ” Therefore, we find, from Smith’s own statements and from the circuit court’s findings, that Smith previously filed two motions for post-conviction relief, which were denied. At least one of those denials was appealed, but the appeal was dismissed for Smith’s failure to file an appellate brief. There is no indication that the other denial was ever appealed.
 

 116. In the present case, Smith filed a motion requesting that he be allowed to supplement the record with DNA test results. The motion was denied by the Mississippi Supreme Court on August 14, 2009.
 

 ¶ 7. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 8. In reviewing a denial of a motion for post-conviction relief, our supreme court has explained our standard of review as follows: “When reviewing a lower court’s decision to deny a petition for post[-]conviction relief[,] [an appellate court] will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised[,] the applicable standard of review is de novo.”
 
 Moore v. State,
 
 986 So.2d 928, 932 (¶ 13) (Miss.2008) (citations omitted).
 

 ¶ 9. Although Smith did not style his 2009 petition as a motion for post-conviction relief, we find that the motion should have been treated as such. Mississippi Code Annotated section 99-39-3(1) (Rev. 2007) states that part of the purpose of Mississippi’s post-conviction-relief statutes is to “streamline and clarify the rules and statutes pei’taining to post-conviction-collateral-relief law and procedures.” The same provision explicitly states that:
 

 Specifically, this article repeals the statutory writ of error coram nobis, supersedes Rule 8.07 of the Mississippi Uniform Criminal Rules of Circuit Court Practice and abolishes the common law writs relating to post-conviction collateral relief, including by way of illustration but not limitation, error coram nobis, error coram vobis,
 
 and post-conviction habeas corpus, as tuell as statutory post-conviction habeas coipus.
 
 The relief formerly accorded by such writs may be obtained by an appropriate motion under this article.
 

 Id.
 
 (emphasis added). The provision, however, states that “[t]he enactment of this article does
 
 not
 
 affect any pre-conviction remedies.”
 
 Id. We
 
 assume that this is what the circuit court was referring to
 
 *129
 
 when it stated that “[t]he principal function of a writ of habeas corpus is to test the legality of detention prior to conviction.” However, Smith’s 2009 petition was clearly not challenging any pre-conviction incarceration. Therefore, the motion should have been treated as one for post-conviction relief.
 

 ¶ 10. Regardless, Smith’s motion is procedurally barred as a successive writ. As we have already discussed, the petition for habeas corpus relief was Smith’s third attempt to receive post-conviction relief. According to Mississippi Code Annotated section 99-39-23(6) (Supp.2009), a denied motion for post-conviction relief acts as “a bar to a second or successive motion.... ” The section lists several exceptions; however, Smith’s petition does not fall under any of those exceptions. Accordingly, we find that Smith’s third motion for post-conviction relief, which was styled as a petition for habeas corpus relief, is procedurally barred.
 
 [2]
 

 ¶ 11. Finally, we note that, even if Smith’s petition were not barred as a successive writ, we would still find no merit to his claims on appeal. Smith contends that the circuit court should not have accepted his guilty plea without first reviewing the DNA test results; Smith contends that the test results showed that he was not the donor of the DNA that was recovered from the victim in his case. No test results are contained in the record before us; therefore, we cannot find any merit to such a contention. As for Smith’s contention that the indictment that charged him was deficient for failing to include a statute, we find that assertion wholly without merit. The indictment, in fact, contained the statute that Smith was being charged under. That it did not do so in the charging language is not sufficient to invalidate the indictment. Therefore, even if Smith’s petition were not procedurally barred, there would be no merit to his remaining claims.
 

 ¶ 12. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE PETITION FOR WRIT OF HABEAS CORPUS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . On January 5, 2009, this Court issued a mandate in case no. 2008-CP-01331-COA, dismissing an appeal from a denial of post-conviction relief that had been filed by Smith in trial cause no.
 
 A-2401-07-43
 
 7. The mandate was issued due to Smith's failure to file an appellate brief.
 

 [2]
 

 . Although this did not form the reason for the circuit court's denial of Smith's 2009 petition, it is well established that an appellate court may "affirm a decision of the circuit court where the right result is reached even though we may disagree with the reason for that result.”
 
 Puckett v. Stuckey,
 
 633 So.2d 978, 980 (Miss.1993) (citing
 
 Stewart v. Walls,
 
 534 So.2d 1033, 1035 (Miss.1988)).