ROBERTS, J.,
for the Court:
¶ 1. During February 2012, Richard Palmer went before the Jackson County Circuit Court and pled guilty to twelve counts of an eighteen-count indictment. Specifically, Palmer pled guilty to three counts of touching a child for lustful purposes, four counts of sexual battery of a child, and five counts of exploitation of a child. In exchange for his guilty plea, the prosecution dismissed the remaining six counts of sexual battery that Palmer faced. The circuit court sentenced Palmer to concurrent sentences that, when taken collectively, operate as thirty years in the custody of the Mississippi Department of Corrections (MDOC), with eighteen years to serve followed by twelve years of post-release supervision.
¶ 2. Eight months after Palmer’s guilty-plea hearing, he filed a motion for post-conviction relief (PCR). Palmer claimed that he was deprived of his right to a speedy trial; he received ineffective assistance of counsel; there was no factual basis for his guilty pleas; and the sexual-battery charges were fatally defective because they did not allege that the victim did not consent to sexual penetration. The circuit court denied Palmer’s PCR motion. Palmer appeals.
STANDARD OF REVIEW
¶ 3. We will not disturb the circuit court’s denial of a PCR motion unless the circuit court’s factual findings are clearly erroneous. Smith v. State, 29 So.3d 126, 128 (¶ 8) (Miss.Ct.App.2010). *452 However, we review questions of law de novo. Id.
ANALYSIS
I. INDICTMENT
¶ 4. Palmer claims that all of the sexual-battery charges in the indictment were fatally defective because they did not allege that the victim did not consent to sexual penetration. Palmer’s claim is based on a misunderstanding of the nature of the charges that he faced.
¶ 5. Palmer is correct that under certain circumstances, to convict an accused of sexual battery, it is necessary to prove that the victim did not consent to sexual penetration. Mississippi Code Annotated section 97-3-95(l)(a) (Rev.2006) provides that “[a] person is guilty of sexual battery if he or she engages in sexual penetration with ... [ajnother person without [the other person’s] consent.” But Palmer was not charged with sexual battery under section 97-3-95(l)(a). Palmer was charged with ten counts of sexual battery under Mississippi Code Annotated section 97 — 3—95(l)(c) (Rev.2006).
¶ 6. Section 97-3~95(l)(c) states that “[a] person is guilty of sexual battery if he or she engages in sexual penetration with ... [a] child at least fourteen ... but under sixteen ... years of age, if the person is thirty-six ... or more months older than the child[.]” Section 97-3-95(l)(c) does not require that the sexual penetration occur without the child’s consent. Accordingly, an indictment that alleges sexual battery under section 97-3-95(l)(c) is not required to claim that the sexual penetration occurred without the victim’s consent. See Bryant v. State, 879 So.2d 530, 531 (¶4) (Miss.Ct.App.2004). It follows that the sexual-battery charges in the indictment against Palmer were not fatally defective. There is no merit to this issue.
II. ASSISTANCE OF COUNSEL
¶ 7. Next, Palmer claims he received ineffective assistance of counsel. He alleges that his lawyer coerced him to plead guilty by telling him that he had no defenses, and he could receive a life sentence if he refused to accept the prosecution’s recommendation of a thirty-year sentence in exchange for his guilty plea. Palmer also claims that his lawyer did not adequately explain the plea agreement. Finally, Palmer asserts that his lawyer failed to investigate the evidence against him, and she failed to explore all possible defenses to the charges against him.
¶ 8. To successfully prove ineffective assistance of counsel, Palmer bears the burden of demonstrating that (1) his lawyer’s performance was deficient, and (2) he suffered prejudice as a result of his lawyer’s deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “In the context of guilty pleas, ... the defendant must show that, were it not for counsel’s errors, he would not have [pled] guilty and would have insisted on going to trial.” Burrough v. State, 9 So.3d 368, 375 (¶ 22) (Miss.2009).
¶ 9. Beyond mere assertions, Palmer has failed to present any evidence that he would have insisted on going to trial. He does not elaborate regarding what his lawyer allegedly failed to explain about the plea agreement. Although Palmer claims his lawyer failed to investigate the evidence against him, he does not claim that his lawyer should have investigated any particular evidence; nor does he suggest that his lawyer would have discovered anything helpful to his case if his lawyer had done so. And Palmer does not claim that his lawyer should have explored *453 any particular defense. In other words, Palmer merely claims that his lawyer should have done something else for him, but he does not explain what his lawyer should have done differently. Such bald assertions are not enough to meet his burden of proving that his lawyer’s performance was deficient.
¶ 10. Additionally, during his guilty-plea hearing, Palmer said that he was satisfied with his lawyer’s services. A defendant’s “declarations during the plea colloquy that he was satisfied with the services of his lawyer are presumptively true. ‘Solemn declarations in open court carry a strong presumption of verity.’” Fair v. State, 102 So.3d 1165, 1168-69 (¶ 11) (Miss.Ct.App.2012) (quoting Bell v. State, 754 So.2d 492, 495 (¶7) (Miss.Ct.App.1999)).
¶ 11. And finally, Palmer did not support his PCR motion with affidavits other than his own. In PCR cases, “where a party offers only his affidavit, then his ineffective[-]assistance[-]of[-]counsel claim is without merit.” Brooks v. State, 89 So.3d 626, 628 (¶6) (Miss.Ct.App.2011) (quoting Vielee v. State, 653 So.2d 920, 922 (Miss.1995)). For the numerous reasons discussed above, there is no merit to Palmer’s claims that he received ineffective assistance of counsel.
III. SPEEDY TRIAL
¶ 12. Palmer argues that he did not receive his constitutional right to a speedy trial. However, a valid guilty plea waives all non-jurisdictional rights or defects, including the right to a speedy trial. Fulton v. State, 844 So.2d 1171, 1172 (¶ 4) (Miss.Ct.App.2003) (citing Anderson v. State, 577 So.2d 390, 391 (Miss.1991)). Therefore, Palmer waived his right to raise this issue.
IV. VOLUNTARY GUILTY PLEAS
¶ 13. Palmer claims that all four of his guilty pleas to sexual battery were involuntary. A guilty plea must be knowingly and voluntarily entered, or the plea violates due process. Boykin v. Alabama, 395 U.S. 238, 243 n. 5, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). “Ignorance, incomprehension, coercion, terror or other inducements, both subtle and blatant, threaten the constitutionality of a guilty plea.” Hannah v. State, 943 So.2d 20, 25 (¶ 12) (Miss.2006) (citing Boykin, 395 U.S. at 242-43, 89 S.Ct. 1709). For a guilty plea to be voluntary, the defendant must be advised of the charges against him and the consequences of his guilty plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). “Specifically, the defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination.” Id. (citing Boykin, 395 U.S. at 243 n. 5, 89 S.Ct. 1709). Additionally, the circuit court must address the defendant personally to inquire and determine that the defendant is competent to understand the nature of the charge, and that the defendant understands the maximum and minimum sentences for the crime. URCCC 8.04(A)(4). Palmer bears the burden of proving that his guilty pleas were involuntary. Hill v. State, 60 So.3d 824, 828 (¶ 11) (Miss.Ct.App.2011).
¶ 14. According to Palmer, his guilty pleas were involuntary because he did not know that the sexual-battery charges in the indictment were defective in that they did not accuse him of sexual penetration without the victim’s consent. However, as discussed above, it was unnecessary for the sexual-battery charges to allege that the victim had not consented to sexual battery, because of the victim’s age. There is no merit to this issue.
*454 V. FACTUAL BASES FOR GUILTY PLEAS
¶ 15. Finally, Palmer claims there was an insufficient factual basis for his guilty pleas. Palmer does not relate his claim to any particular guilty pleas. He simply states that this Court should “compare the conduct to which [he] admitted] with the elements of the offense charged in the indictment.”
¶ 16. “Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea.” URCCC 8.04(A)(3). A defendant can establish a factual basis for his guilty plea simply by pleading guilty; however, his plea “must contain factual statements constituting a crime or be accompanied by independent evidence of guilt.” Hannah, 943 So.2d at 26-27 (¶ 16). In other words, “a factual basis is not established by the mere fact that a defendant enters a plea of guilty.” Id. Rather, the record must contain facts that are “sufficiently specific to allow the court to determine that the defendant’s conduct was within the ambit of that defined as criminal.” Lott v. State, 597 So.2d 627, 628 (Miss.1992) (quoting United States v. Oberski, 734 F.2d 1030, 1031 (5th Cir.1984) (disapproved of on other grounds)). Finally, this Court is not limited to review of a defendant’s plea transcript when determining if a factual basis existed for his guilty plea. Boddie v. State, 875 So.2d 180, 183 (¶ 8) (Miss.2004). We may review the record as a whole for evidence of a factual basis for a guilty plea. Id.
¶ 17. During the guilty-plea hearing, Palmer said that he had been served with a copy of the indictment, and the following exchange occurred:
Q. Are ... you pleading guilty to these charges because you are guilty and no other reason?
A. Yes, ma’am.
Q. Mr. Palmer, tell me what you did that makes you think [that] you’re guilty of these charges.
A. I did what they said, ma’am.
Q. You’re going to have to give me more than that. Who was the child?
A. [Victim’s name redacted]
Q. And how did you know [her]?
A. I’ve been friends with her mom for a few years.
Q. You’ve been what?
A. Friends with her mom for some years. And when I came [to Mississippi] from California[,] I stayed with them for awhile.
Q. You stayed with them for awhile?
A. Yeah, about six months.
Q. And? How old was the child when this started?
A. Around ten.
Q. And you did the fondling charges, the sexual batteries — and what was the exploitation about?
A. Pictures.
Q. Pictures. You took pictures of all this. And how did you get caught? [Palmer’s lawyer]: Judge, the mother of the child — [Palmer] had given the child a cell phone and the mother picked up the cell phone and saw text messages between [him] and the child, and it led to her questioning the child.
THE COURT: And how old was the child when all this came out?
[The prosecutor]: Your Honor, the child was [fourteen years old] at the time. On the cell phone were like 911 text messages between [Palmer] and the child in an eight[-]day *455 period. The mother found some of the texts inappropriate. When they questioned the child, the child also told them that pictures had been taken of her. And they went and found the pictures and, sure enough, it was [Palmer] and the child.
The allegations on the sexual battery, Your Honor, are penis to vagina, tongue to vagina[,] and penis to mouth penetrations. And the pictures depict the victim being penetrated and ... the victim’s genital area.
Q. Is that true?
A. Yes, ma’am.
Q. How many pictures did you have total?
A. Maybe three.
Q. Three?
[The prosecutor]: There were more. We picked five in the indictment, Your Honor. But it’s also important for the Court to know that [Palmer] was the child’s godfather and that was the relationship between [him] and the child.
Q. Did you hear anything you don’t agree with?
A. No, ma’am.
Q. You did all these things?
A. Yes, ma’am.
¶ 18. There are many ways to establish a sufficient factual basis for a guilty plea. A factual basis for a guilty plea has been found when third parties discuss the evidence against a defendant. For example, there may be a sufficient factual basis to support a defendant’s guilty plea when both a defendant and an investigator for the prosecution testify to factual matters during a guilty-plea hearing. Brown v. State, 533 So.2d 1118, 1124 (Miss.1988). Similarly, a prosecutor’s “concise statement of facts to establish the crime, the investigation, and the apprehension of’ a defendant during a guilty-plea hearing has been found to aid in establishing a sufficient factual basis to support a guilty plea. Reynolds v. State, 521 So.2d 914, 917 (Miss.1988). A defense attorney’s “lengthy recitation of the evidence against” a defendant during a guilty plea may also establish a sufficient factual basis to support a guilty plea. Jones v. State, 970 So.2d 1316, 1322 (¶20) (Miss.Ct.App.2007). Here, the prosecutor and Palmer’s lawyer both discussed the evidence against Palmer. Palmer conceded that the recitation of the evidence was accurate, and that he was guilty of the conduct that the prosecutor and his lawyer described. There is no merit to this issue.
¶ 19. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.