# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01290-COA

**CHAD JOSEPH VENEZIA A/K/A CHAD VENEZIA A/K/A CHAD J. VENEZIA**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/14/2015 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHAD JOSEPH VENEZIA (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 10/04/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.    Chad Joseph Venezia, appearing pro se, appeals the judgment of the Circuit Court of Lamar County dismissing his motion for post-conviction relief (PCR).  Finding no error, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.    In January 2012, a Lamar County grand jury returned a two-count indictment against Venezia for possession of precursors with the intent to manufacture, and conspiracy to manufacture a controlled substance – methamphetamine.  The indictment charged the

precursors found in his possession were ephedrine/pseudoephedrine, lithium, heptanes, sodium hydroxide, and sulfuric acid. Initially, Venezia pleaded "not guilty" to both counts.

¶3. In January 2013, his trial began. Venezia proceeded pro se, but advisory counsel was appointed to him.[1] After voir dire, jury selection, and a hearing on Venezia's motion to suppress, but before the presentation of evidence, Venezia decided to change his plea to "guilty" for Count 1; Count 2 was nolle prossed. After a plea hearing, Venezia was sentenced to thirty years, with twenty years to serve, and ten years of post-release supervision. He was also fined $5,000. In May 2015, Venezia filed a PCR motion claiming his guilty plea was involuntary, his indictment was defective, and there was a violation of an ex post facto law. The trial court dismissed his PCR motion, and Venezia timely appealed.

## STANDARD OF REVIEW

¶4. This Court will not disturb the trial court's dismissal of a PCR motion absent a finding that the trial court's decision was clearly erroneous. *Madden v. State*, 75 So. 3d 1130, 1131 (¶6) (Miss. Ct. App. 2011) (citation omitted). Questions of law are reviewed de novo. *Id.*

## ANALYSIS

¶5. On appeal, Venezia raises only one issue: whether the trial court erred in dismissing his PCR motion when the trial court accepted his guilty plea without a sufficient factual basis for the charges against him.

¶6. "Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea."

---

[1] Venezia discharged his attorney in September 2012.

2

*Palmer v. State*, 140 So. 3d 448, 454 (¶16) (Miss. 2013) (quoting URCCC 8.04(A)(3)).

> A factual basis for a plea may be established by the admission of the defendant, but the admission must contain factual statements constituting a crime or be accompanied by independent evidence of guilt. This Court has held that a factual basis is not established by the mere fact that a defendant enters a plea of guilty.

*Hannah v. State*, 943 So. 2d 20, 26-27 (¶16) (Miss. 2006) (internal citations omitted). A factual basis also can be established by "a statement of the prosecutor, the testimony of live witnesses, and prior proceedings . . . ." *Watkins v. State*, 170 So. 3d 582, 587 (¶16) (Miss. Ct. App. 2014) (citations omitted). The reviewing court "may look beyond the plea transcript to determine whether there was a factual basis for the charge," and review the record as a whole. *Hannah*, 943 So. 2d at 27 (¶18); *Palmer*, 140 So. 3d at 454 (¶16) (citation omitted).

¶7.     Venezia pleaded guilty to violating Mississippi Code Annotated section 41-29-313(1)(a)(i) (Supp. 2015), which states that "it is unlawful for any person to knowingly or intentionally . . . [p]urchase, possess, transfer, manufacture, attempt to manufacture or distribute any two (2) or more of the listed precursor chemicals or drugs in any amount with the intent to unlawfully manufacture a controlled substance." Venezia is correct in noting that the plea and sentencing hearing transcript does not include a recitation of the facts and circumstances under which he committed the charged crime. The State contends that the factual basis for the plea can be met by the indictment if sufficiently detailed. However, the indictment must be read into the record at the plea hearing. *Drake v. State*, 823 So. 2d 593, 594 (¶6) (Miss. 2002); *Watkins*, 170 So. 3d at 586 (¶17); *Robinson v. State*, 964 So. 2d 609, 613 (¶¶13-14) (Miss. Ct. App. 2007). Here, the indictment was not read into the record

3

during the plea colloquy. This Court, on its own motion under Mississippi Rule of Appellate Procedure 10(c), ordered the appellate record be supplemented to include a certified transcript of Venezia's criminal trial, up to the point that he pleaded guilty. This portion of the transcript included voir dire, jury selection, and a hearing on Venezia's pretrial "motion to suppress a search warrant," where he argued the warrant was invalid because an unreliable confidential informant was used to obtain it. The State presented the testimony of Deputy Keith Garner, a narcotics officer with the Lamar County Sheriff's Office, in response to the motion.

¶8.    Deputy Garner testified that Venezia was on a database list monitored by law enforcement that showed when numerous purchases of Sudafed were made out of state. The authorities received information that Venezia was traveling to Louisiana to make purchases of Sudafed, and manufacturing methamphetamine in his home. The purchases were confirmed by the database. Deputy Garner testified that on February 14, 2011, a confidential informant had purchased methamphetamine from Venezia at his residence. On February 24, 2011, Louisiana and Mississippi narcotics units were on "Sudafed detail" monitoring several pharmacies near the Louisiana state line. It was learned Venezia had purchased Sudafed, the main ingredient in methamphetamine, and lithium batteries, another ingredient, at a Walmart in Slidell, Louisiana. Constant surveillance of Venezia was conducted by narcotics units until the Lamar County narcotics unit could take over surveillance at Exit 6 of Interstate 59. The Mississippi Highway Patrol was requested to conduct a routine traffic stop near Exit 41. Precursor chemicals (Sudafed and lithium) were found in a vehicle operated by Venezia, who

4

was arrested with another individual. Officers then secured Venezia's residence in Purvis, Mississippi, and applied for a search warrant, which was granted and executed. Other precursors were found at his residence, but the trial judge stated those precursors were not at issue until trial. The motion to suppress was denied.

¶9. The testimony by Deputy Garner on the motion to suppress provided a sufficient factual basis for Venezia's guilty plea to Count 1's possession of precursors with the intent to manufacture. Venezia's argument is without merit.

¶10. **THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAMAR COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, JAMES AND GREENLEE, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**