# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01461-COA

**VIRGIL GERMAINE WOODS**                                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/03/2019 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | VIRGIL GERMAINE WOODS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/18/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., GREENLEE AND LAWRENCE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Virgil Woods appeals from the Warren County Circuit Court's denial of post-conviction collateral relief (PCR).  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2007, Woods was indicted for three counts of armed robbery.  In June 2008, Woods pled guilty to Count I.  After a hearing, the court accepted Woods's plea and sentenced him to serve thirty-five years in the custody of the Mississippi Department of Corrections.  The court dismissed Counts II and III of the indictment.[1]

---

[1] The order accepting Woods's guilty plea was filed on June 18, 2008, and the sentencing order was filed on July 21, 2008.

¶3. In August 2019, Woods filed a PCR motion asserting that a sufficient factual basis for his guilty plea did not exist. He also suggested that he had received ineffective assistance of counsel.[2] Subsequently, the circuit court entered an order finding that Woods's PCR motion was "frivolous, successive, and time barred." The court also found that Woods was not entitled to any relief.

¶4. Now Woods appeals, claiming the circuit court erred by finding that his PCR motion was procedurally barred and that he was not entitled to relief.

## STANDARD OF REVIEW

¶5. "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's decision if it is clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017) (quoting *Thinnes v. State*, 196 So. 3d 204, 207-08 (¶10) (Miss. Ct. App. 2016)).

## DISCUSSION

¶6. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Additionally, Woods had three years from the time the judgment of conviction was entered to file a PCR motion. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Because Woods's PCR motion is not his first and was filed more than three

---

[2] The PCR motion is stamped as filed on August 8, 2019. However, according to the docket, the motion was filed on August 28, 2019.

years after the judgment of conviction was entered, it is procedurally barred.[3]

¶7.     It is true that "errors affecting fundamental rights may be excepted from procedural bars." *Rowland v. State*, 42 So. 3d 503, 505-06 (¶7) (Miss. 2010) (internal quotation marks omitted).  But "the mere assertion of a constitutional[-]right violation does not trigger the exception."  *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013) (internal quotation marks omitted) (quoting *Wicker v. State*, 16 So. 3d 706, 708 (¶5) (Miss. Ct. App. 2009)).  To find an exception to the bar, "there must at least appear to be some basis for the truth of the claim . . . ." *Id.* (quoting *Stovall v. State*, 873 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2004)).

¶8.     In his PCR motion, Woods asserted that a sufficient factual basis for his guilty plea did not exist.[4]  "Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea." *Venezia v. State*, 203 So. 3d 1, 2 (¶6) (Miss. Ct. App. 2016) (quoting *Palmer v. State*, 140 So. 3d 448, 454 (¶16) (Miss. 2013)).  This Court has held that "if sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea." *Williams v. State*, 110 So. 3d 840, 843 (¶17) (Miss. Ct. App. 2013) (quoting *Drake v. State*, 823 So. 2d 593, 594 (¶6) (Miss. Ct. App. 2002)).  A factual basis may also be

---

[3] According to the circuit court's order and the Appellant's Brief, Woods had previously filed six PCR motions.

[4] Woods also suggested that he had received ineffective assistance of counsel. However, Woods did not discuss this issue in his brief.  Therefore, the issue is considered abandoned and waived on appeal. *Spraggins v. State*, 231 So. 3d 1021, 1023 (¶5) (Miss. Ct. App. 2017).

established by a statement of the prosecutor. *Venezia*, 203 So. 3d at 2 (¶6).

¶9.     At the hearing on Woods's plea, the prosecutor read Count I of the indictment as follows:

> The May term, 2007. The Grand Jurors of the State of Mississippi, elected, summoned, empaneled, sworn and charged to inquire in and for Warren County, State of Mississippi, at the term aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present that William Lee Green, Byron Javon Sumlin and Virgil Germaine Woods on or about March 13th, 2007, in the county aforesaid and within the jurisdiction of this [c]ourt did willfully, unlawfully and feloniously take approximately [$]50 to $60 cash money and the personal property of Khari Allen from the person of or from the presence of Khari Allen against his or her will by violence to his person by the use of a pistol, a deadly weapon, or by putting him in fear of immediate injury by the exhibition of said deadly weapon in violation of Mississippi Code 1972, Annotated, Section 97-3-79, contrary to the statute and such cases made and provided, and against the peace and dignity of the State of Mississippi.

The court asked Woods, "To the indictment as read, did you commit that crime?" And Woods responded, "Yes, sir."

¶10.    Then the court asked the prosecutor what the State would expect the evidence to show at trial. The prosecutor stated:

> The State would expect the evidence to show that on or about March 13th, 2007, at 1949 Bodley Street in Vicksburg, Mississippi, a business known as Hair It Iz, this defendant's co-defendant, William Lee Green, entered the store, displayed a handgun, placed it in the face of Mr. Sam Semi, Mr. Kenneth Fisher and Mr. Khari Allen and took some money from them; that once they left the building, Mr. Sam Semi saw the defendant's - - this defendant's vehicle parked alongside his building in a manner that would indicate easy escape. This defendant acted as the driver.

> They left the store. Mr. Semi followed them and contacted 911 at which point Trooper Jason Ginn of the Mississippi Highway Patrol, along with other - - several Warren County Sheriff's Department, Vicksburg Police Department and members of the Hinds County Sheriff's Department detained these defendants in Edwards, Mississippi. The money and the gun was found in the

vehicle.

His co-defendant would testify against him that there was a plan, that this defendant was the getaway driver and that he did do the robbery. And this defendant did confess that he received part of the proceeds from the robbery.

The court asked Woods, "Has anybody led you to think they were going to say anything other than what he has said here today?" And Woods responded, "No, Your Honor." Accordingly, we find that there was a sufficient factual basis established to warrant the circuit court's acceptance of Woods's guilty plea.

¶11. Woods argues that he cannot be guilty of armed robbery if he was not the person who actually robbed the business. However, this Court has held that "an accessory to armed robbery is just as guilty as the principal." *Diggs v. State*, 46 So. 3d 361, 367 (¶20) (Miss. Ct. App. 2010).

¶12. Because Woods has failed to demonstrate that his guilty plea was accepted without a sufficient factual basis and was merely an assertion of a constitutional-right violation, his claim is not excepted from the procedural bars. Because this claim is not excepted from the time-bar and successive-writ bar, we affirm.

¶13. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**