# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01301-COA

**ILLYA WATKINS A/K/A ILLYA LARUE WATKINS A/K/A ILLYA L. WATKINS**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/04/2021 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ILLYA WATKINS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CASEY BONNER FARMER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/09/2023 |
| MOTION FOR REHEARING FILED: | |

### BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Illya Watkins, appearing pro se, appeals the Forrest County Circuit Court's denial of his motion for post-conviction collateral relief (PCR).  Finding no error with the circuit court's decision, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     On February 21, 2019, Watkins was indicted for possession of more than ten grams but less than twenty grams of oxycodone in violation of Mississippi Code Annotated section 41-29-139(c) (Supp. 2016).  His indictment was amended twice: first to reflect his status as a non-violent habitual offender under section 99-19-81 (Rev. 2014); and second to reflect his status as a subsequent drug offender under section 41-29-147 (Rev. 2018).  On August 7,

2019, Watkins filed a motion to suppress evidence on the grounds that Watkins was pulled over without probable cause and that the officers exceeded the scope of a "pat-down" in violation of *Terry v. Ohio*, 392 U.S. 1 (1968). A hearing on the motion commenced on August 12, 2019.

¶3. Testimony at the hearing on the motion to suppress showed that in the evening hours on September 30, 2017, Watkins was pulled over by Officer Kyle Stuart and Officer Mitch Brown in Hattiesburg, Mississippi. The two officers stopped Watkins on a well-lit section of Highway 49 for not wearing a seat belt. Officer Stuart testified at the motion to suppress hearing that he engaged his body camera when he pulled Watkins over. As he approached Watkins' vehicle, Watkins opened the driver's door to his vehicle. Because Watkins had begun to exit his vehicle, Officer Stuart asked him to step to the rear of his vehicle where Officer Brown conducted a pat-down for weapons. According to Officer Stuart, during the pat-down Officer Brown felt something in Watkins' right front pocket. Officer Stuart testified that Watkins volunteered, "That's my old lady's medicine," referring to the item in his pocket. The pill bottle was then removed from his pocket and found to be prescribed to someone other than Watkins. Stuart's testimony regarding the events was confirmed by the body-camera video, which was played for the trial court. The pills in question were oxycodone, prescribed to a female Watkins described as his fiancée. The prescription had been filled five days before for ninety pills, but only sixteen remained in the pill bottle. The trial court, after hearing the testimony and viewing the body-camera footage, denied the motion to suppress evidence.

¶4. On March 3, 2020, Watkins filed a petition to enter a plea of guilty. The petition stated that Watkins understood that he waived his Constitutional guarantees. He also agreed that he understood the minimum and maximum sentences applicable to him. He acknowledged that he understood the maximum sentence for his charge was sixteen years in custody. The plea petition also provided that he was entering his plea freely and voluntarily and that he believed his attorney had "done all that anyone could do to counsel and assist me, and [he was] satisfied with the advice and help" from his attorney. During his plea colloquy, Watkins affirmed the State's factual basis for its case, namely that he

> did knowingly, willfully, unlawfully, and feloniously possess more than ten dosage units but less than [twenty] dosage units of Oxycodone, a Schedule II controlled substance; and, further, he did so after he had a previous conviction on October 19, 2009, for the crime of the felony possession of controlled substance in Cause Number 09-536, making him a subsequent drug offender and subject to double the punishment of up to sixteen years.

Watkins affirmed that everything the State said was true, and he had nothing to add. When asked by the trial court, "[D]id you, in fact, commit this crime?" Watkins answered, "Yes, sir."

¶5. Watkins answered negatively when asked if any promises had been made to him to induce him to accept the plea. He also acknowledged he was waiving his Constitutional rights, including the requirement that he must be proved guilty beyond a reasonable doubt. Watkins also answered affirmatively when asked if he was satisfied with the services of his attorney and if he believed his attorney properly advised him in the plea and properly represented him in his case. He reiterated that he was not threatened by his attorney or promised anything by his attorney. He affirmed that his attorney reviewed his plea petition

with him, and that everything in his petition was true and correct. The trial court found that a factual basis existed for the entry of Watkins' plea and that he made the plea knowingly, understandingly, freely, and voluntarily. The trial court sentenced Watkins to serve twelve years in custody as a subsequent drug offender in violation of section 41-29-139(c), in accordance with the State's recommendation.

¶6. On March 19, 2021, Watkins filed his PCR motion. He alleged (1) the State had no factual basis for his charge or plea; (2) the charge was the result of an illegal stop and search; and (3) he received ineffective assistance of counsel. On November 3, 2021, the circuit court summarily denied his claims, finding that Watkins' plea was intelligently and voluntarily made, a factual basis existed for the charge, and Watkins did not prove that his counsel rendered a deficient performance that prejudiced his defense.

¶7. On December 2, 2021, Watkins appealed the denial, alleging two new issues in addition to the issues that he brought before the trial court: (1) a speedy trial violation; and (2) a longer, illegal sentence. In Watkins' pro se brief before this Court, however, Watkins only argues one new issue: that the evidence was insufficient to convict him of possession.

## STANDARD OF REVIEW

¶8. "We review the dismissal or denial of a [post-conviction relief] motion for abuse of discretion. We will only reverse if the trial court's decision is clearly erroneous. When reviewing questions of law, our standard is de novo." *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

4

## I. Procedural Bars

¶9. In his "Motion to Appeal," Watkins raises all the issues that were before the circuit court (in addition to two new issues). But in his brief, Watkins only addresses a third new issue (the issue of sufficiency of the evidence). Therefore, several procedural bars preclude our review of his issues. First, "[i]ssues not presented to the trial court are procedurally barred on appeal." *Jones v. State*, 203 So. 3d 600, 616 (¶56) (Miss. 2016) (quoting *Debrow v. State*, 972 So. 2d 550, 553 (¶10) (Miss. 2007)). This means the new issues that Watkins included in his "motion to appeal" (speedy trial[1] and an illegal sentence[2]) are barred. This bar also extends to the issue of sufficiency[3] that Watkins argues in his brief.

¶10. Second, Watkins' brief fails to argue (or even mention) the issues that he presented to the circuit court in his PCR motion. "Mississippi Rule of Appellate Procedure 28(a)(7)

---

[1] Even though this issue is barred from review, it is also without merit. "The entry of a [valid] guilty plea waives the issue of whether a defendant received a speedy trial." *Ellis v. State*, 773 So. 2d 412, 413 (¶5) (Miss. Ct. App. 2000) (citing *Anderson v. State*, 577 So. 2d 390, 391 (Miss. 1991)). Watkins explicitly acknowledged this waiver in his plea petition. Furthermore, Watkins has never argued that his plea was not valid.

[2] Although barred, this issue is also without merit. Watkins' sentence is not excessive because he was indicted and sentenced as a subsequent drug offender under section 41-29-147, which allows a sentence for "up to twice the term otherwise authorized." Miss. Code Ann. § 41-29-147. Simple possession of more than ten dosage units but less than twenty dosage units of oxycodone had an eight-year maximum sentence. Miss. Code Ann. § 41-29-139(c)(1)(C). Twice that term would make Watkins' maximum possible sentence sixteen years, which he acknowledged in his plea petition. Watkins' sentence of twelve years did not exceed the maximum sentence for his crime.

[3] Although barred, this issue is also meritless because "[b]y pleading guilty, an offender waives a claim that there was insufficient evidence to find him guilty." *Ellis v. State*, 334 So. 3d 187, 193 (¶19) (Miss. Ct. App. 2022) (quoting *Putnam v. State*, 212 So. 3d 86, 93 (¶21) (Miss. Ct. App. 2016)).

governs the argument section of appellate briefs, and states, 'The argument shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.'" *Reading v. Reading*, 350 So. 3d 1195, 1199 (¶19) (Miss. Ct. App. 2022) (quoting M.R.A.P. 28(a)(7)). "Arguments that do not comply with the rule are procedurally barred." *Id*. (citing *Hill v. State*, 215 So. 3d 518, 524 (¶10) (Miss. Ct. App. 2017)). "The law is well established that points not argued in the brief on appeal are abandoned and waived." *In re Conservatorship of Redd v. Redd*, 332 So. 3d 250, 258 (¶29) (Miss. 2021) (quoting *Arrington v. State*, 267 So. 3d 753, 756 (¶8) (Miss. 2019)). Procedural bars notwithstanding, we will briefly address the merit of his issues that were presented to the circuit court: (1) the factual basis for his plea; (2) illegal stop and search; and (3) ineffective assistance of counsel.

## II. Factual Basis for Plea

¶11. In his original PCR motion, Watkins argued that the State was in error for prosecuting without a factual basis and that the trial court was in error for failing to determine if there was a factual basis for his plea.[4] Despite the aforementioned waiver, we find that Watkins' admissions and representations to the trial court at the plea colloquy provided an adequate

---

[4] Watkins erroneously bases arguments in his brief on cases that discuss the proximity requirements for "constructive possession." These cases state that a plaintiff must show additional incriminating circumstances to justify a finding of *constructive* possession when, for instance, an illegal item is found in a person's vehicle. *See Cunningham v. State*, 583 So. 2d 960, 961 (Miss. 1991); *Fultz v. State*, 573 So. 2d 689, 689-90 (Miss. 1990). But in Watkins' case, he was found to be in *actual* possession of the substance since it was found in the pocket of his pants. *Hudson v. State*, 30 So. 3d 1199, 1204 (¶11) (Miss. 2010) ("[W]ith actual possession, the drug is actually found on the defendant's person (i.e., in his hands, mouth [or] pockets).").

factual basis for Watkins' plea.

¶12. "Prior to accepting a defendant's guilty plea, the circuit court must first decide whether the plea is voluntarily and intelligently made and whether a factual basis exists to support the plea." *Tucker v. State*, 294 So. 3d 690, 695 (¶9) (Miss. Ct. App. 2020) (citing *Venezia v. State*, 203 So. 3d 1, 2 (¶6) (Miss. Ct. App. 2016)). "There are many ways to establish a factual basis, including a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as well as an actual admission by the defendant." *Id.* (quoting *Jenkins v. State*, 202 So. 3d 220, 222 (¶8) (Miss. Ct. App. 2016)).

¶13. In this instance, the record is clear that a factual basis for Watkins' guilty plea existed. Watkins signed his sworn plea petition under the penalty of perjury. He stated that he had discussed the facts and circumstances of the charge, the nature of the charge, and his possible defenses with his attorney. At the plea hearing, the State was required to give a factual basis for the charges against Watkins. The State recited its factual basis for the case, and afterward, Watkins was asked the following by the trial court:

Q. Do you disagree with anything he said?

A. No, sir.

Q. Is there anything you want to add to what he said?

A. No, sir.

Q. Is everything he said true?

A. Yes.

Q. Did you, in fact, commit this crime?

7

A.     Yes, sir.

¶14.    Watkins signed the plea petition acknowledging he was pleading guilty "with full understanding of all matters set forth in the indictment," and in the petition, Watkins heard the factual statements presented to him by the State and asserted on the record that the statements were true. "[S]olemn declarations in court carry a strong presumption of verity." *Thomas v. State*, 107 So. 3d 1046, 1049 (¶6) (Miss. Ct. App. 2012) (citing *Gable v. State*, 748 So. 2d 703, 706 (¶11) (Miss. 1999)).    Because of Watkins' admissions and representations to the trial court, there was a factual basis for Watkins' guilty plea. For the foregoing reasons, this issue is without merit.

### III.    Illegal Stop and Search

¶15.    Watkins' next assignment of error before the circuit court was that Officer Stuart made an illegal stop of the automobile and commenced an illegal search.  It does not appear that the circuit court addressed this argument in its analysis of the order denying Watkins' request for post-conviction relief.  Regardless, this argument is also without merit.  "Certain Fourth Amendment violations, including illegal searches, are waived by a guilty plea." *Davis v. State*, 967 So. 2d 1269, 1270 (¶4) (Miss. Ct. App. 2007) (citing *King v. State*, 738 So. 2d 240, 240-41 (¶¶4-5) (Miss. 1999); *Thornhill v. State*, 919 So. 2d 238, 241 (¶16) (Miss. Ct. App. 2005)).  For this reason, this issue was waived when Watkins pled guilty.

### IV.    Ineffective Assistance of Counsel

¶16.    Finally, Watkins argues that he received ineffective assistance of counsel.  "In order to succeed on a claim of ineffective assistance of counsel, the defendant must prove that

counsel's performance was deficient and that the deficient performance prejudiced the defense." *Carson v. State*, 161 So. 3d 153, 155-56 (¶3) (Miss. Ct. App. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Watkins contends that his attorney should have objected (1) to the failure of the State or court to have a factual basis for his plea and (2) to an illegal stop and search. As discussed above, we have already found that Watkins waived these arguments when he pled guilty. Notwithstanding these waivers, Watkins' attorney filed a motion to suppress and brought it for hearing. Therefore, Watkins has failed to show that his attorney's conduct was anything other than "reasonable professional assistance." *Frierson v. State*, 606 So. 2d 604, 608 (Miss. 1992). Accordingly, this issue is also without merit.

## CONCLUSION

¶17. Watkins' issues are all procedurally barred. Even without the procedural bars, his contentions lack merit. Because Watkins clearly fails to establish any error regarding his claims, we affirm the circuit court's order denying relief and dismissing his PCR motion.

¶18. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

9